TAB "1"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Monica Beamer                                    CIRCUIT CIVIL DIVISION
    *Plaintiff,*                                  CASE NO.: 2019-015638-CA-01

v.

STATE OF FLORIDA,
THE FLORIDA HIGHWAY PATROL, a division of
Florida Department of Highway Safety and Motor Vehicles,
BOB SAINTILIEN
Individually and in his capacity
as a Florida State Trooper
    *Defendants,*
_____/

## AMENDED COMPLAINT

Plaintiff MONICA BEAMER, hereby files this Complaint and sues the Defendants, the
STATE OF FLORIDA (hereinafter "STATE"), THE FLORIDA HIGHWAY PATROL (hereinafter
"FHP"), BOB SAINTILIEN (hereinafter "BOB SAINTILIEN"), both individually and in his official
capacity as a Florida State Trooper of the Florida Highway Patrol, a division of the Florida Department
of Highway and Motor Vehicles, and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and
   attorneys' fees.
2. Venue is proper in Miami-Dade County, Florida because the arrest from which this cause of
   action arises occurred in Miami-Dade County, Florida.
3. This Court has Subject Matter Jurisdiction over this matter.
4. The State of Florida has waived its sovereign immunity in tort actions per Fla. Stat. §768.28
   (Florida's "Waiver of Sovereign Immunity in Tort Actions").
5. Notice of this claim has been provided to the Defendants in accordance with Fla. Stat. §768.28,
   Defendant State of Florida has denied liability, and Plaintiff has satisfied all conditions
   precedent to bringing this lawsuit. *See Exhibit A*

## PARTIES

6.  Plaintiff, Monica Beamer (hereinafter "Ms. Beamer") is sui juris and was, at all relevant times, an adult resident of Miami-Dade County, Florida.

7.  Defendant, BOB SAINTILIEN, is sui juris and was, at all relevant times, an adult resident of Florida and a duly appointed officer of the Florida Highway Patrol, acting within the course and scope of his employment and/or acting under color of law, and employed by the State of Florida. The actions of BOB SAINTILIEN, as alleged herein, were taken under the color of law employed by and serving under Defendant STATE OF FLORIDA.

8.  Defendant STATE OF FLORIDA is a sovereign state, organized under the laws of the United States, located in the State of Florida, which is responsible, through its officers, employees, servants, and agents for enforcing the statutes, rules, and regulations of the State, and for ensuring that its officers, employees, servants, and agents obey the laws of the United States of America and the State of Florida.

9.  Defendant FLORIDA HIGHWAY PATROL, a division of the Florida Department of Highway Safety and Motor Vehicles, has been organized and existing under the laws of Florida as a law enforcement agency and operates in Miami-Dade County, Florida.

10. Defendant STATE OF FLORIDA, at all times material hereto, through the DHSMV, operated and supervised the Florida Highway Patrol and its employees.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. On February 11th, 2017, Defendant BOB SAINTILIEN, employed by Defendant FHP as a Florida Highway Patrol Trooper, seized Plaintiff MONICA BEAMER without reasonable suspicion or probable cause, he arrested Plaintiff MONICA BEAMER without probable cause, and he instituted criminal charges against Plaintiff MONICA BEAMER that had no basis in fact or probable cause.

12. On February 11th, 2017, in the area of Northeast 2nd Avenue and Ives Dairy Road (a.k.a. State and/or County Road 854) in Miami, Florida, Defendant BOB SAINTILIEN was conducting a crash investigation in the course of his duties as a Florida Highway Patrol Trooper.

13. Plaintiff MONICA BEAMER was driving on Northeast 2nd Avenue with her family when, near the intersection of Northeast 2nd Avenue and County Road, she came to a stop due to heavy traffic.

14. While waiting in traffic, multiple vehicles exited the traffic jam by driving the wrong direction in the opposite lane and making illegal U-turns, nearly causing accidents.

15. After a number of minutes, a tow truck arrived and removed at least one vehicle but traffic remained at a standstill.

16. Some minutes later, multiple drivers, including Plaintiff MONICA BEAMER, honked their car horns.

17. Defendant BOB SAINTILIEN approached Plaintiff MONICA BEAMER's vehicle and asked Plaintiff MONICA BEAMER if she was honking her car horn; Plaintiff MONICA BEAMER cheekily responded by asking Defendant BOB SAINTILIEN if she looked like a horn blower.

18. Defendant BOB SAINTILIEN then demanded Plaintiff MONICA BEAMER's driver's license.

19. Plaintiff MONICA BEAMER accidentally handed Defendant BOB SAINTILIEN an invalid license and, upon realizing it was an invalid license, immediately handed Defendant BOB SAINTILIEN her current license.

20. Defendant BOB SAINTILIEN then ordered Plaintiff MONICA BEAMER to pull over and park on the side of the road; Plaintiff MONICA BEAMER complied with the order and Defendant BOB SAINTILIEN walked back toward Ives Dairy Road.

21. Plaintiff MONICA BEAMER, after waiting some time for Defendant BOB SAINTILIEN to return, exited her car and walked toward Defendant BOB SAINTILIEN in order to apologize if she offended him.

22. Defendant BOB SAINTILIEN, upon seeing Plaintiff MONICA BEAMER, placed his hand near his firearm and yelled at Plaintiff MONICA BEAMER to get back and return to her car.

23. Plaintiff MONICA BEAMER immediately put her hands in the air, told Defendant BOB SAINTILIEN that she meant him no harm, and complied with Defendant BOB SAINTILIEN's orders.

24. Upon returning to the area of her car, Plaintiff MONICA BEAMER made a couple phone calls, she called Defendant FHP to ask for a supervisor to de-escalate Defendant BOB SAINTILIEN's behavior and also called a friend of hers.

25. Plaintiff MONICA BEAMER was speaking on the phone some small distance from her parked car when Defendant BOB SAINTILIEN returned.

26. Defendant BOB SAINTILIEN then arrested and handcuffed Plaintiff MONICA BEAMER and dragged her to his police car.

27. Plaintiff MONICA BEAMER was unable to keep up with Defendant BOB SAINTILIEN's pace because Plaintiff MONICA BEAMER had torn ligaments in her ankle that caused her to limp after Defendant BOB SAINTILIEN.

28. Defendant BOB SAINTILIEN put Plaintiff MONICA BEAMER in his patrol car and drove Plaintiff MONICA BEAMER to the Miami-Dade County jail, the Turner Guilford Knight facility (hereinafter "TGK").

29. While driving Plaintiff MONICA BEAMER to TGK, Defendant BOB SAINTILIEN accelerated quickly, braked sharply, and changed lanes abruptly, all of which caused Plaintiff MONICA BEAMER to be knocked about the backseat and thrown against the seatbelt.

30. When they arrived at TGK, Defendant BOB SAINTILIEN parked his patrol vehicle and remained parked there for hours, during which time Plaintiff MONICA BEAMER repeatedly asked Defendant BOB SAINTILIEN to use the bathroom; Defendant BOB SAINTILIEN repeatedly denied Plaintiff MONICA BEAMER the use of the bathroom and told her to "do what you need to do."

31. Defendant BOB SAINTILIEN imprisoned Plaintiff MONICA BEAMER in his police car for over three (3) hours before finally processing her into TGK; during this time, Plaintiff MONICA BEAMER's family drove by and inquired of Defendant BOB SAINTILIEN where Plaintiff MONICA BEAMER would be released from jail once she was processed in and released.

32. While being processed into TGK, employees and/or agents of the Florida Department of Corrections took Plaintiff MONICA BEAMER's vitals and determined that her blood pressure was too high to allow her into TGK and that she would have to go to the hospital and receive medical treatment.

33. Defendant BOB SAINTILIEN told Plaintiff MONICA BEAMER that if she did not calm down enough to lower her blood pressure to the level that TGK would accept her then he, Defendant BOB SAINTILIEN, would drive her to the hospital in a purposefully slow manner that would exacerbate Plaintiff MONICA BEAMER's waiting mother's distress.

34. Plaintiff MONICA BEAMER was eventually processed into TGK and released on bail some time thereafter.

35. Defendant BOB SAINTILIEN arrested and instituted a criminal proceeding against Plaintiff MONICA BEAMER for Resisting an Officer with Violence pursuant to Fla. Stat. §843.01, Failure to Obey a Police Officer pursuant to Fla. Stat. § 316.072(3), Knowingly Driving with a Suspended License pursuant to Fla. Stat. § 322.34(2)(a), Unreasonably Loud Horn pursuant to Fla. Stat. §316.721(2), and Improper Lane Usage pursuant to Fla. Stat. § 316.089.

36. On March 10th, 2017, the Miami-Dade State Attorney's Office took No Action on the felony case, (F17002799) against Plaintiff MONICA BEAMER.

37. On March 15th, 2017, the misdemeanor, criminal traffic, and criminal traffic cases (A7IA1KE, A7IA1HE, A7IA1JE, and A7IA1IE) against Plaintiff MONICA BEAMER were dismissed.

## COUNT I – MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

38. Plaintiff MONICA BEAMER realleges paragraphs 1-37 and incorporates them as if fully set forth herein.

39. Defendant BOB SAINTILIEN, commenced a legal proceeding in the criminal circuit court of the State of Florida against Plaintiff MONICA BEAMER by arresting her and charging her with (1) a felony of the 3rd degree, Resisting an Officer With Violence to His Person (Fla. Stat. § 843.01), (2) a 2nd degree misdemeanor, Failure to Obey A Police Officer (Fla. Stat. § 316.072), (3) Knowingly Driving with a Suspended License (Fla. Stat. § 322.34), (4) Loud Horn (Fla. Stat. § 316.271), and (5) Improper Lane Usage (Fla. Stat. § 316.089).

40. The Felony charge of Resisting an Officer With Violence to His Person, Miami-Dade Case No. F17002799, was "No Actioned" before the State Attorney filed an information; meaning the State Attorney dismissed the felony charge against Plaintiff MONICA BEAMER.

41. The misdemeanor and traffic charges referenced in paragraph 37 & 39 were all dismissed by the State Attorney's Office (case numbers A7IA1KE, A7IA1HE, A7IA1JE, and A7IA1IE).

42. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Resisting an Officer With Violence to his Person because Plaintiff MONICA BEAMER followed Defendant BOB SAINTILIEN's every command and neither offered him violence nor attempted to do so.

43. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Knowingly Driving With a Suspended License because Plaintiff MONICA BEAMER did not have knowledge that her license had been suspended.

44. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Failure to Obey a Police Officer because Plaintiff MONICA BEAMER obeyed all of Defendant BOB SAINTILIEN's commands.

45. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Improper Lane Usage because (1) her vehicle's tire was not on a yellow line and (2) she was at a complete stop when Defendant BOB SAINTILIEN allegedly observed her vehicle's tire on a yellow lane line.

46. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Unreasonably Loud Horn (a violation of Florida Statute § 316.271) because (1) Plaintiff MONICA BEAMER only honked her vehicle's horn once, (2) her vehicle's horn did not, nor was it alleged to have, emit "an unreasonably loud or harsh sound" as required by statute, and (3) Fla. Stat. § 316.271 does not contain a provision prohibiting excessive honking.

47. Defendant BOB SAINTILIEN commenced the criminal proceedings against Plaintiff MONICA BEAMER out of spite, ill will, and malice.

48. Defendant BOB SAINTILIEN kept Plaintiff MONICA BEAMER in his police car, with no food, no water, and no bathroom breaks, for hours longer than necessary in order to punish her.

49. Defendant BOB SAINTILIEN commenced the felony prosecution against Plaintiff MONICA BEAMER out of malice.

50. Defendant BOB SAINTILIEN commenced the misdemeanor and criminal traffic judicial proceedings against Plaintiff MONICA BEAMER out of malice.

51. Defendant BOB SAINTILIEN arrested Plaintiff MONICA BEAMER out of malice.

52. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from

fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to pay a criminal defense attorney to defend her, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN, in both his individual and official capacity, for compensatory damages, special damages, costs of this action, and attorney's fees, pursuant to 42 U.S.C. § 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT II – FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

53. Plaintiff MONICA BEAMER realleges paragraphs 1-37 and incorporates them as if fully set forth herein.

54. When Defendant BOB SAINTILIEN detained, arrested, and imprisoned Plaintiff MONICA BEAMER, it was contrary to Plaintiff MONICA BEAMER's will.

55. Defendant BOB SAINTILIEN's detention, arrest, and imprisonment of Plaintiff MONICA BEAMER was unlawful for the reasons set forth in paragraphs 42 – 46; Plaintiff hereby realleges paragraphs 42-46 and incorporates them as if fully set forth herein.

56. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to pay a criminal defense attorney to defend her, bodily injury resulting in physical pain and

suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action, and attorney's fees, pursuant to 42 U.S.C. § 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT BOB SAINTILIENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

57. Plaintiff MONICA BEAMER realleges paragraphs 1-37 and incorporates them as if fully set forth herein.

58. Defendant BOB SAINTILIEN purposefully and intentionally arrested and imprisoned Plaintiff MONICA BEAMER for Resisting an Officer With Violence without a basis in law or probable cause.

59. Defendant BOB SAINTILIEN purposefully and intentionally arrested Plaintiff MONICA BEAMER for Knowingly Driving with a Suspended License, Failure to Obey a Police Officer, Improper Lane Usage, and Excessively Loud Horn all without a basis in law or probable cause.

60. Defendant BOB SAINTILIEN purposefully and intentionally kept Plaintiff MONICA BEAMER imprisoned in his police car for hours for no legitimate reason.

61. Defendant BOB SAINTILIEN's behavior in intentionally arresting and imprisoning Plaintiff MONICA BEAMER without a legal basis is especially egregious and outrageous because he is an officer of the law who is sworn to protect the public and uphold the rule of law; our society bestows power, privilege, and prestige upon officers of the law like Defendant BOB SAINTILIEN, and in return, our society expects a corresponding conscientiousness and responsibility. Defendant BOB SAINTILIEN went about his duties with a disregard for his responsibility to the public and his duty to protect and serve. That a law enforcement officer

purposefully breaks the law should be regarded as odious and intolerable in a civilized society.

62. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous emotional distress and damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to pay a criminal defense attorney to defend her, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

### COUNT IV – DEFAMATION AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

63. Plaintiff MONICA BEAMER realleges paragraphs 1-37 and incorporates them as if fully set forth herein.

64. Defendant BOB SAINTILIEN published a document concerning his interaction with Plaintiff MONICA BEAMER that is and was available to the public in the form of an arrest report.

65. The arrest form contained a slew of false statements, including but not limited to (1) the allegation that Plaintiff MONICA BEAMER honked her vehicle's horn when Defendant BOB SAINTILIEN walked away from Plaintiff MONICA BEAMER's vehicle, (2) the allegation that Plaintiff MONICA BEAMER refused to pull off the road upon Defendant BOB SAINTILIEN's order, (3) the allegation that Plaintiff MONICA BEAMER remained close to Defendant BOB SAINTILIEN's police car after Defendant BOB SAINTILIEN's

order for Plaintiff MONICA BEAMER to leave the accident scene, and (4) the allegation that Plaintiff MONICA BEAMER, while Defendant BOB SAINTILIEN had handcuffed her and was walking her to his police vehicle, refused to walk to the police vehicle.

66. Defendant BOB SAINTILIEN knew that the statements he made in the arrest form were false because he was present for the interaction that he detailed in the report.

67. As a direct and proximate result of the false statements that Defendant BOB SAINTILIEN published in his arrest form, Plaintiff MONICA BEAMER has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

68. The false statements that Defendant BOB SAINTILIEN published in his arrest form are defamatory in that they portray Plaintiff MONICA BEAMER as a person who believes herself above the law, flouts orders from the law enforcement officers, and is a criminal.

69. The implications listed in the preceding paragraph are all false: Plaintiff MONICA BEAMER is courteous, respectful, and an upstanding member of society; Plaintiff MONICA BEAMER is, in fact, a law enforcement officer herself, as a SAUSA and ICE attorney. Plaintiff MONICA BEAMER is not a criminal and she obeys commands and orders from law enforcement officers.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

## COUNT V – NEGLIGENT TRAINING/SUPERVISION AGAINST DEFENDANT STATE OF FLORIDA AND DEFENDANT FLORIDA HIGHWAY PATROL

70. Plaintiff MONICA BEAMER realleges paragraphs 1-37 and incorporates them as if fully set forth herein.

71. Defendant STATE and Defendant FHP employ law enforcement officers in that are tasked with enforcing the laws of the State of Florida.

72. Defendant BOB SAINTILIEN was, at all times material to this action, a law enforcement officer employed by Defendant FHP.

73. Defendant STATE and Defendant FHP have a duty to properly train and supervise its law enforcement officers in the laws they are tasked with enforcing, in how to properly and respectfully interact with the public whom they are ostensibly serving, telling the truth in their arrest reports, and how to determine the appropriate crimes to charge when arresting persons.

74. As a direct and proximate result of Defendant STATE's and Defendant FHP's failures to properly train and supervise its law enforcement officers, Defendant BOB SAINTILIEN falsely arrested Plaintiff MONICA BEAMER for crimes that she did not commit and that Defendant BOB SAINTILIEN had no basis or probable cause to believe that she did commit.

75. As a direct and proximate result of Defendant STATE's and Defendant FHP's conduct described in this count, Plaintiff MONICA BEAMER has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant STATE OF FLORIDA and Defendant FHP for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONICA BEAMER, individually demands a trial by jury and judgment against both Defendant BOB SAINTILIEN, both individually and in his official capacity, Defendant STATE OF FLORIDA, and Defendant FLORIDA HIGHWAY PATROL for special damages, damages for past, present, and future medical, psychiatric, and psychological expenses,

compensatory damages, exemplary and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and the costs of this suit and such other relief as the court may deem just and proper.

Respectfully Submitted,
CORNISH HERNANDEZ GONZALEZ, PLLC
*Attorney for the Plaintiff*
2525 Ponce de Leon Blvd.
Suite 300
Coral Gables, FL 33134
Phone: (305)501-8021
Fax:     (786)292-2934
Email:  Ccornish@chglawyers.com
Service:Service@chglawyers.com
*/s/ Albert "Cam" Cornish IV*
Albert "Cam" Cornish IV, Esq.
Florida Bar No. 101663

# EXHIBIT A



CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA

December 22, 2017

Cornish, Hernandez, Gonzalez PLLC
Attn: Albert Campbell Cornish
2525 Ponce de Leon Blvd Suite 300
Coral Gables, FL 38134

RE:
      **Date of Loss:** January 1, 2017
      **Claimant:** Monica Beemer
      **Our Insured:** Florida Highway Patrol
      **RM Claim Number:** 20121725995

Dear Mr. Cornish:

Please be advised that we are in receipt of your client's claim against our insured the Florida Highway Patrol. Upon receipt of this claim, we conducted a review and evaluation of this incident.

Under our General Liability coverage, we are authorized to pay on behalf of the Florida Highway Patrol all sums it shall become legally obligated to pay as damages for loss of property, personal injury or death caused by the negligent or wrongful act of any officer, employee, agent or volunteer while acting in the course and scope of employment.

Based on our review, we do not believe that any negligence was committed by employees of the Florida Highway Patrol in this matter.

Therefore, we must respectfully deny your client's claim, and we decline to make any voluntary offers or payments.

Sincerely,

Dwayne Jones

FLORIDA DEPARTMENT OF FINANCIAL SERVICES
Dwayne Jones • Risk Management Program Specialist
Division of Risk Management • Bureau of State Liability and Property Claims
200 East Gaines Street • Tallahassee, Florida 32399-0338 • Tel. 850-413-4888 • Fax 850-413-2730
Email • dwayne.jones@myfloridacfo.com
AFFIRMATIVE ACTION • EQUAL OPPORTUNITY EMPLOYER

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Florida Department of Financial
Services
Division of Risk Management
200 E. Gaines Street
Tallahassee, FL 32311

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 1191 5246 2446 65

2. Article Number (Transfer from service label)
7017 0530 0001 0924 1347

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
  by FN Nicholson ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
TALLASSEE FL 32399-0317

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Florida Highway Patrol
Attn: Colonel Gene Spaulding
Neil Kirkman Bu. Wing
2700 Apalachee Pkwy
Tallahassee, Fl 32399

9590 9402 1191 5246 2446 41

2. Article Number (Transfer from service label)
7017 0530 0001 0924 1361

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

17 DE  12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

USPS TRACKING #

9590 9402 1191 5246 2446 41

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box®

Igor Hernandez, Esq
2525 Ponce de Leon Blvd.
Suite 300
Coral Gables FL 33134

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State of Florida
Attn - Rick Scott
Office of Governor Rick Scott
The Capitol
400 S. Monroe St.
Tallahassee, FL 32399

9590 9402 1191 5246 2446 58

2. Article Number (Transfer from service label)

017 0530 0001 0924 1354

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1191 5246 2446 58

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

Igor Hernandez, Esq
2525 Ponce de Leon Blvd. suite 300
Coral Gables, FL 33134