# COMPOSITE
# TAB "3"

Filing # 94486825 E-Filed 08/20/2019 07:27:01 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR MIAMI-DADE COUNTY

MONICA BEAMER,                          CASE NO.:2019-015638-CA-01
       Plaintiff,                       DIVISION: CA 23
                                                 JUDGE: ARECES

v.

STATE OF FLORIDA,
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
BOB SAINTILIEN
Individually and in his capacity
as a Florida State Trooper,
       Defendant.
_____/

## NOTICE OF ADDING PARTY

      COME NOW, the Plaintiff, MONICA BEAMER, by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.250 hereby files this Notice of Adding a Party. Plaintiff lists the following in support of her motion:

1. Plaintiff hereby adds The Florida Highway Patrol, a division of Florida Department of Highway Safety and Motor Vehicles, as a Defendant.

2. "Parties may be added once as a matter of course within the same time that pleadings can be so amended under rule 1.190(a)." *Fla. R. Civ. Pro. 1.250(c)*.

3. "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served." *Fla. R. Civ. Pro. 1.190(a)*.

4. No responsive pleadings have yet been filed, therefore, Plaintiff may amend the complaint and add a party as a matter of course, that is, without leave of court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on August 20, 2019

s/Albert      Campbell      "Cam"      Cornish IV
Albert Campbell "Cam" Cornish IV, Esq.
Florida Bar No. 101663
Cornish, Hernandez, Gonzalez, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
P:(305) - 417 - 4885
F: (786) - 292 - 2934
service@CHGLawyers.com
ccornish@chglawyers.com

Filing # 94486825 E-Filed 08/20/2019 07:27:01 PM

CFN: 20190530473 BOOK 31579 PAGE 2948
DATE:08/22/2019 10:57:59 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR MIAMI-DADE COUNTY

MONICA BEAMER,                                   CASE NO.: 2019-015638-CA-01
                    Plaintiff,                   DIVISION: CA 23
                                                 JUDGE: ARECES
v.

STATE OF FLORIDA,
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
BOB SAINTILIEN
Individually and in his capacity
as a Florida State Trooper.
                    Defendant.
_____/

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COME NOW, the Plaintiff, MONICA BEAMER, and pursuant to Florida Rule of Civil

Procedure 1.250(b) & 1.420(a)(1) hereby files this notice of voluntary dismissal without

prejudice only as to Defendant FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND

MOTOR VEHICLES. The Plaintiff hereby drops Defendant FLORIDA DEPARTMENT OF

HIGHWAY SAFETY AND MOTOR VEHICLES as a party and dismisses all claims against

said Defendant without prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed on August 20, 2019

                                      s/Albert      Campbell      "Cam"      Cornish
                                      IV_____
                                      Albert Campbell "Cam" Cornish IV, Esq.
                                      Florida Bar No. 101663
                                      Cornish, Hernandez, Gonzalez, PLLC
                                      2525 Ponce de Leon Blvd, Suite 300

CFN: 20190530473 BOOK 31579 PAGE 2949

Coral Gables, Florida 33134
P:(305) - 417 - 4885
F: (786) - 292 - 2934
service@CHGLawyers.com
ccornish@chglawyers.com

Filing # 94921352 E-Filed 08/28/2019 03:05:11 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | |
|---|---|

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2019-015638-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br><br>MONICA BEAMER | VS. DEFENDANT(S)<br>STATE OF FLORIDA, THE FLORIDA HIGHWAY PATROL, a division of the Florida Department of Highway Safety and Motor Vehicles, BOB SAINTILIEN, Individually and in his capacity as a Florida State Trooper | SERVICE<br><br>Ch 237<br>9/13/19  10:30a |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s):   BOB SAINTILIEN, in his official capacity as a Florida State Trooper, care of:

The Office of FHP Director Colonel Gene Spaulding

2900 Apalachee Parkway

Tallahassee, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:   Albert Campbell Cornish IV

whose address is:   2525 Ponce de Leon Blvd

Suite 300

Coral Gables, FL 33134

CLOCK IN

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.</u>" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of Courts | _CarlosP_<br>DEPUTY CLERK | DATE<br><br>8/29/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355,  at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

Clerk's web address: www.miami-dadeclerk.com

Filing # 94921352 E-Filed 08/28/2019 03:05:11 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|

| DIVISION ☒ CIVIL ☐ DISTRICTS ☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2019-015638-CA-01 |
|---|---|---|

| PLAINTIFF(S) MONICA BEAMER | VS.  DEFENDANT(S) STATE OF FLORIDA, THE FLORIDA HIGHWAY PATROL, a division of the Florida Department of Highway Safety and Motor Vehicles, BOB SAINTILIEN, Individually and in his capacity as a Florida State Trooper | SERVICE du237 9/13/19  10:30n |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s):  BOB SAINTILIEN, in his official capacity as a Florida State Trooper, care of:

The Office of Executive Director of Florida DHSMV Terry Rhodes

2900 Apalachee Parkway

Tallahassee, FL 32399

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney:  Albert Campbell Cornish IV

whose address is:  2525 Ponce de Leon Blvd.

Suite 300

Coral Gables, FL 33134

within 20 days * <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."</u> after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

CLOCK IN

| HARVEY RUVIN CLERK of COURTS | *[signature]* CarlosP DEPUTY CLERK | DATE 8/29/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355,  at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 94921352 E-Filed 08/28/2019 03:05:11 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2019-015638-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br><br>MONICA BEAMER | VS. DEFENDANT(S)<br>STATE OF FLORIDA, THE FLORIDA HIGHWAY PATROL, a division of the Florida Department of Highway Safety and Motor Vehicles, BOB SAINTILIEN, Individually and in his capacity as a Florida State Trooper | SERVICE<br><br>CA237<br>9/13/19 10:30p |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): The Florida Highway Patrol, a division of the Florida Dept. of Highway Safety and

Motor Vehicles, care of:

The Office of Executive Director of Fla DHSMV Terry Rhodes

2900 Apalachee Parkway, Tallahassee, FL 32399

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Albert Campbell Comish IV

whose address is: 2525 Ponce de Leon Blvd.

Suite 300

Coral Gables, FL 33134

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."</u> after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

CLOCK IN

| HARVEY RUVIN<br>CLERK of COURTS | Carlos P<br>DEPUTY CLERK | DATE<br><br>8/29/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 94921352 E-Filed 08/28/2019 03:05:11 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | |
|---|---|

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2019-015638-CA-01 |
|---|---|---|

| PLAINTIFF(S)<br><br>MONICA BEAMER | VS.  DEFENDANT(S)<br>STATE OF FLORIDA, THE FLORIDA HIGHWAY<br>PATROL, a division of the Florida Department of<br>Highway Safety and Motor Vehicles, BOB<br>SAINTILIEN, Individually and in his capacity as a<br>Florida State Trooper | SERVICE<br><br>CM237<br>9/13/19  10:30~ |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s):  The FLORIDA HIGHWAY PATROL, care of:

   The Office of FHP Director Colonel Gene Spaulding

   2900 Apallachee Parkway

   Tallahassee, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:  Albert Campbell Cornish IV

whose address is:  2525 Ponce de Leon Blvd.

   Suite 300

   Coral Gables, FL 33134

within 20 days *  **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of Courts | CarlosP<br>DEPUTY CLERK | DATE<br>8/29/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128;
Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via
Fax at (305) 349-7355,  at least seven (7) days before your scheduled court appearance, or
immediately upon receiving this notification if the time before the scheduled appearance is
less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 90036204 E-Filed 05/23/2019 03:01:18 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Monica Beamer                                        CIRCUIT CIVIL DIVISION
    *Plaintiff,*                                      CASE NO.:

v.

STATE OF FLORIDA,
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,
BOB SAINTILIEN
Individually and in his capacity
as a Florida State Trooper
    *Defendants,*
_____/

## **COMPLAINT**

Plaintiff MONICA BEAMER, hereby files this Complaint and sues the Defendants, the STATE OF FLORIDA (hereinafter "STATE"), the FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES (hereinafter "DHSMV"BOB SAINTILIEN (hereinafter "BOB SAINTILIEN"), both Individually and in his official capacity as a Florida State Trooper of the Florida Highway Patrol, a division of the Florida Department of Highway and Motor Vehicles, and alleges:

### **JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.
2. Venue is proper in Miami-Dade County, Florida because the arrest from which this cause of action arises occurred in Miami-Dade County, Florida.
3. This Court has Subject Matter Jurisdiction over this matter.
4. The State of Florida has waived its sovereign immunity in tort actions per Fla. Stat. §768.28 (Florida's "Waiver of Sovereign Immunity in Tort Actions").
5. Notice of this claim has been provided to the Defendants in accordance with Fla. Stat. §768.28 and Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

## PARTIES

6.  Plaintiff, Monica Beamer (hereinafter "Ms. Beamer") is sui juris and was, at all relevant times, an adult resident of Miami-Dade County, Florida.

7.  Defendant, BOB SAINTILIEN, is sui juris and was, at all relevant times, an adult resident of Florida and a duly appointed officer of the Florida Highway Patrol, acting within the course and scope of his employment and/or acting under color of law, and employed by the State of Florida. The actions of BOB SAINTILIEN, as alleged herein, were taken under the color of law employed by and serving under Defendant STATE OF FLORIDA.

8.  Defendant STATE OF FLORIDA is a sovereign state, organized under the laws of the United States, located in the State of Florida, which is responsible, through its officers, employees, servants, and agents for enforcing the statutes, rules, and regulations of the State, and for ensuring that its officers, employees, servants, and agents obey the laws of the United States of America and the State of Florida.

9.  Defendant DHSMV, at all times material hereto, was a law enforcement agency of the State of Florida and it operated and supervised the Florida Highway Patrol and its employees.

10. Defendant STATE OF FLORIDA, at all times material hereto, through the DHSMV, operated and supervised the Florida Highway Patrol and its employees.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. On February 11th, 2017, Defendant BOB SAINTILIEN, a Florida Highway Patrol Trooper, seized Plaintiff MONICA BEAMER without reasonable suspicion or probable cause, he arrested Plaintiff MONICA BEAMER without probable cause, and he instituted criminal charges against Plaintiff MONICA BEAMER that had no basis in fact or probable cause.

12. On February 11th, 2017, in the area of Northeast 2nd Avenue and Ives Dairy Road (a.k.a. State and/or County Road 854) in Miami, Florida, Defendant BOB SAINTILIEN was conducting a crash investigation in the course of his duties as a Florida Highway Patrol Trooper.

13. Plaintiff MONICA BEAMER was driving on Northeast 2nd Avenue with her family when, near the intersection of Northeast 2nd Avenue and County Road, she came to a stop due to heavy traffic.

14. While waiting in traffic, multiple vehicles exited the traffic jam by driving the wrong direction in the opposite lane and making illegal U-turns, nearly causing accidents.

15. After a number of minutes, a tow truck arrived and removed at least one vehicle but traffic remained at a standstill.

16. Some minutes later, multiple drivers, including Plaintiff MONICA BEAMER, honked their car horns.

17. Defendant BOB SAINTILIEN approached Plaintiff MONICA BEAMER's vehicle and asked Plaintiff MONICA BEAMER if she was honking her car horn; Plaintiff MONICA BEAMER cheekily responded by asking Defendant BOB SAINTILIEN if she looked like a horn blower.

18. Defendant BOB SAINTILIEN then demanded Plaintiff MONICA BEAMER's driver's license.

19. Plaintiff MONICA BEAMER accidentally handed Defendant BOB SAINTILIEN an invalid license and, upon realizing it was an invalid license, immediately handed Defendant BOB SAINTILIEN her current license.

20. Defendant BOB SAINTILIEN then ordered Plaintiff MONICA BEAMER to pull over and park on the side of the road; Plaintiff MONICA BEAMER complied with the order and Defendant BOB SAINTILIEN walked back toward Ives Dairy Road.

21. Plaintiff MONICA BEAMER, after waiting some time for Defendant BOB SAINTILIEN to return, exited her car and walked toward Defendant BOB SAINTILIEN in order to apologize if she offended him.

22. Defendant BOB SAINTILIEN, upon seeing Plaintiff MONICA BEAMER, placed his hand near his firearm and yelled at Plaintiff MONICA BEAMER to get back and return to her car.

23. Plaintiff MONICA BEAMER immediately put her hands in the air, told Defendant BOB SAINTILIEN that she meant him no harm, and complied with Defendant BOB SAINTILIEN's orders.

24. Upon returning to the area of her car, Plaintiff MONICA BEAMER made a couple phone calls, she called the Florida Highway Patrol to ask for a supervisor to de-escalate Defendant BOB SAINTILIEN's behavior and also called a friend of hers.

25. Plaintiff MONICA BEAMER was speaking on the phone some small distance from her parked car when Defendant BOB SAINTILIEN returned.

26. Defendant BOB SAINTILIEN then arrested and handcuffed Plaintiff MONICA BEAMER and dragged her to his police car.

27. Plaintiff MONICA BEAMER was unable to keep up with Defendant BOB SAINTILIEN's pace because Plaintiff MONICA BEAMER had torn ligaments in her ankle that caused her to limp after Defendant BOB SAINTILIEN.

28. Defendant BOB SAINTILIEN put Plaintiff MONICA BEAMER in his patrol car and drove Plaintiff MONICA BEAMER to the Miami-Dade County jail, the Turner Guilford Knight facility (hereinafter "TGK").

29. While driving Plaintiff MONICA BEAMER to TGK, Defendant BOB SAINTILIEN accelerated quickly, braked sharply, and changed lanes abruptly, all of which caused Plaintiff MONICA BEAMER to be knocked about the backseat and thrown against the seatbelt.

30. When they arrived at TGK, Defendant BOB SAINTILIEN parked his patrol vehicle and remained parked there for hours, during which time Plaintiff MONICA BEAMER repeatedly asked Defendant BOB SAINTILIEN to use the bathroom; Defendant BOB SAINTILIEN repeatedly denied Plaintiff MONICA BEAMER the use of the bathroom and told her to "do what you need to do."

31. Defendant BOB SAINTILIEN kept Plaintiff MONICA BEAMER imprisoned in his police car for over three (3) hours before finally processing her into TGK; during this time, Plaintiff MONICA BEAMER's family drove by and inquired of Defendant BOB SAINTILIEN where Plaintiff MONICA BEAMER would be released from jail once she was processed in and released.

32. While being processed into TGK, employees and/or agents of the Florida Department of Corrections took Plaintiff MONICA BEAMER's vitals and determined that her blood pressure was too high to allow her into TGK and that she would have to go to the hospital and receive medical treatment.

33. Defendant BOB SAINTILIEN told Plaintiff MONICA BEAMER that if she did not calm down enough to lower her blood pressure to the level that TGK would accept her then he, Defendant BOB SAINTILIEN, would drive her to the hospital in a purposefully slowly manner that would exacerbate Plaintiff MONICA BEAMER's waiting mother's distress.

34. Plaintiff MONICA BEAMER was eventually processed into TGK and released on bail some time thereafter.

35. Defendant BOB SAINTILIEN arrested and instituted a criminal proceeding against Plaintiff MONICA BEAMER for Resisting an Officer with Violence pursuant to Fla. Stat. §843.01, Failure to Obey a Police Officer pursuant to Fla. Stat. § 316.072(3), Knowingly Driving with

a Suspended License pursuant to Fla. Stat. § 322.34(2)(a), Unreasonably Loud Horn pursuant to Fla. Stat. §316.721(2), and Improper Lane Usage pursuant to Fla. Stat. § 316.089.

36. On March 10th, 2017, the Miami-Dade State Attorney's Office took No Action on the felony case, (F17002799) against Plaintiff MONICA BEAMER.

37. On March 15th, 2017, the misdemeanor, criminal traffic, and criminal traffic cases (A7IA1KE, A7IA1HE, A7IA1JE, and A7IA1IE) against Plaintiff MONICA BEAMER were dismissed.

## COUNT I – MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

38. Plaintiff MONICA BEAMER realleges paragraphs 1-36 and incorporates them as if fully set forth herein.

39. Defendant BOB SAINTILIEN, commenced a legal proceeding in the criminal circuit court of the State of Florida against Plaintiff MONICA BEAMER by arresting her and charging her with (1) a felony of the 3rd degree, Resisting an Officer With Violence to His Person (Fla. Stat. § 843.01), (2) a 2nd degree misdemeanor, Failure to Obey A Police Officer (Fla. Stat. § 316.072), (3) Knowingly Driving with a Suspended License (Fla. Stat. § 322.34), (4) Loud Horn (Fla. Stat. § 316.271), and (5) Improper Lane Usage (Fla. Stat. § 316.089).

40. The Felony charge of Resisting an Officer With Violence to His Person, Miami-Dade Case No. F17002799, was "No Actioned" before the State Attorney filed an information; meaning the State Attorney dismissed the felony charge against Plaintiff MONICA BEAMER.

41. The misdemeanor and traffic charges referenced in paragraph 36 & 38 were all dismissed by the State Attorney's Office (case numbers A7IA1KE, A7IA1HE, A7IA1JE, and A7IA1IE).

42. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Resisting an Officer With Violence to his Person because Plaintiff MONICA BEAMER followed Defendant BOB SAINTILIEN's every command and neither offered him violence nor attempted to do so.

43. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Knowingly Driving With a Suspended License because Plaintiff MONICA BEAMER did not have knowledge that her license had been suspended.

44. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Failure to Obey a Police Officer because Plaintiff MONICA BEAMER obeyed all of Defendant BOB SAINTILIEN's commands.

45. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Improper Lane Usage because (1) her vehicle's tire was not on a yellow line and (2) she was at a complete stop when Defendant BOB SAINTILIEN allegedly observed her vehicle's tire on a yellow lane line.

46. Defendant BOB SAINTILIEN had no probable cause to arrest Plaintiff MONICA BEAMER for Unreasonably Loud Horn (a violation of Florida Statute § 316.271) because (1) Plaintiff MONICA BEAMER only honked her vehicle's horn once, (2) her vehicle's horn did not, nor was it alleged to have, emit "an unreasonably loud or harsh sound" as required by statute, and (3) Fla. Stat. § 316.271 does not contain a provision prohibiting excessive honking.

47. Defendant BOB SAINTILIEN commenced the criminal proceedings against Plaintiff MONICA BEAMER out of spite, ill will, and a general dislike of Plaintiff MONICA BEAMER.

48. Defendant BOB SAINTILIEN kept Plaintiff MONICA BEAMER in his police car, with no food, no water, and no bathroom breaks, for hours longer than necessary in order to punish her.

49. Defendant BOB SAINTILIEN commenced the felony prosecution against Plaintiff MONICA BEAMER out of malice.

50. Defendant BOB SAINTILIEN commenced the misdemeanor and criminal traffic judicial proceedings against Plaintiff MONICA BEAMER out of malice.

51. Defendant BOB SAINTILIEN arrested Plaintiff MONICA BEAMER out of malice.

52. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to

pay a criminal defense attorney to defend her, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN, in both his individual and official capacity, for compensatory damages, special damages, costs of this action, and attorney's fees, pursuant to 42 U.S.C. § 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT II – FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

53. Plaintiff MONICA BEAMER realleges paragraphs 1-36 and incorporates them as if fully set forth herein.

54. When Defendant BOB SAINTILIEN detained, arrested, and imprisoned Plaintiff MONICA BEAMER, it was contrary to Plaintiff MONICA BEAMER's will.

55. Defendant BOB SAINTILIEN's detention, arrest, and imprisonment of Plaintiff MONICA BEAMER was unlawful for the reasons set forth in paragraphs 41 – 45.

56. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to pay a criminal defense attorney to defend her, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money

which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action, and attorney's fees, pursuant to 42 U.S.C. § 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT BOB SAINTILIENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

57. Plaintiff MONICA BEAMER realleges paragraphs 1-36 and incorporates them as if fully set forth herein.

58. Defendant BOB SAINTILIEN purposefully and intentionally arrested and imprisoned Plaintiff MONICA BEAMER for Resisting an Officer With Violence without a basis in law or probable cause.

59. Defendant BOB SAINTILIEN purposefully and intentionally arrested Plaintiff MONICA BEAMER for Knowingly Driving with a Suspended License, Failure to Obey a Police Officer, Improper Lane Usage, and Excessively Loud Horn all without a basis in law or probable cause.

60. Defendant BOB SAINTILIEN purposefully and intentionally kept Plaintiff MONICA BEAMER imprisoned in his police car for hours for no legitimate reason.

61. Defendant BOB SAINTILIEN's behavior in intentionally arresting and imprisoning Plaintiff MONICA BEAMER without a legal basis is especially egregious and outrageous because he is an officer of the law who is sworn to protect the public and uphold the rule of law; our society bestows power, privilege, and prestige upon officers of the law like Defendant BOB SAINTILIEN, and in return, our society expects a corresponding conscientiousness and responsibility. Defendant BOB SAINTILIEN went about his duties with a disregard for his responsibility to the public and his duty to protect and serve. That a law enforcement officer purposefully breaks the law should be regarded as odious and intolerable in a civilized society.

62. As a direct and proximate result of Defendant BOB SAINTILIEN's actions described in this Count, Plaintiff MONICA BEAMER has suffered grievous emotional distress and

damages: Plaintiff MONICA BEAMER is a Special Assistant United States Attorney (hereinafter "SAUSA") and Immigration and Customs Enforcement (hereinafter "ICE") and has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, having to pay a criminal defense attorney to defend her, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, loss of earning potential, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

## COUNT IV – DEFAMATION AGAINST DEFENDANT BOB SAINTILIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

63. Plaintiff MONICA BEAMER realleges paragraphs 1-36 and incorporates them as if fully set forth herein.

64. Defendant BOB SAINTILIEN published a document concerning his interaction with Plaintiff MONICA BEAMER that is and was available to the public in the form of an arrest report.

65. The arrest form contained a slew of false statements, including but not limited to (1) the allegation that Plaintiff MONICA BEAMER honked her vehicle's horn when Defendant BOB SAINTILIEN walked away after ordering Plaintiff MONICA BEAMER not to honk her horn, (2) the allegation that Plaintiff MONICA BEAMER refused to pull off the road upon Defendant BOB SAINTILIEN's order, (3) the allegation that Plaintiff MONICA BEAMER remained close to Defendant BOB SAINTILIEN's police car after Defendant BOB SAINTILIEN's order for Plaintiff MONICA BEAMER to leave the accident scene, (4) the allegation that Plaintiff MONICA BEAMER, while Defendant BOB SAINTILIEN had handcuffed her and was walking her to his police vehicle, refused to walk to the police vehicle.

66. Defendant BOB SAINTILIEN knew that the statements he made in the arrest form were false because he was present for the interaction that he detailed in the report.

67. As a direct and proximate result of the false statements that Defendant BOB SAINTILIEN published in his arrest form, Plaintiff MONICA BEAMER has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

68. The false statements that Defendant BOB SAINTILIEN published in his arrest form are defamatory in that they portray Plaintiff MONICA BEAMER as a person who believes herself above the law, flouts orders from the law enforcement officers, and is a criminal.

69. The implications listed in the preceding paragraph are all false: Plaintiff MONICA BEAMER is courteous, respectful, and an upstanding member of society; Plaintiff MONICA BEAMER is, in fact, a law enforcement officer herself, as a SAUSA and ICE attorney. Plaintiff MONICA BEAMER is not a criminal and she obeys commands and orders from law enforcement officers.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant BOB SAINTILIEN for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

## COUNT V – NEGLIGENT TRAINING/SUPERVISION AGAINST DEFENDANT STATE OF FLORIDA AND DEFENDANT DHSMV

70. Plaintiff MONICA BEAMER realleges paragraphs 1-36 and incorporates them as if fully set forth herein.

71. Defendant STATE and Defendant DHSMV, through the Florida Highway Patrol, employ law enforcement officers in that are tasked with enforcing the laws of the State of Florida.

72. Defendant BOB SAINTILIEN was, at all times material to this action, a law enforcement officer employed by the Florida Highway Patrol.

73. Defendant STATE and Defendant DHSMV have a duty to properly train and supervise its law enforcement officers in the laws they are tasked with enforcing, in how to properly and respectfully interact with the public whom they are ostensibly serving, telling the truth in their arrest reports, and how to determine the appropriate crimes to charge when arresting persons.

74. As a direct and proximate result of Defendant STATE's and Defendant DHSMV's failures to properly train and supervise its law enforcement officers, Defendant BOB SAINTILIEN falsely arrested Plaintiff MONICA BEAMER for crimes that she did not commit and that Defendant BOB SAINTILIEN had no basis or probable cause to believe that she did commit.

75. As a direct and proximate result of Defendant STATE's and Defendant DHSMV's conduct described in this count, Plaintiff MONICA BEAMER has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff MONICA BEAMER demands judgment for damages against Defendant STATE OF FLORIDA and Defendant DHSMV for compensatory damages, special damages, costs of this action and demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONICA BEAMER, individually demands a trial by jury and judgment against both Defendant BOB SAINTILIEN, both individually and in his official capacity, Defendant STATE OF FLORIDA, and Defendant DHSMV for special damages, damages for past, present, and future medical, psychiatric, and psychological expenses, compensatory damages, exemplary and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and the costs of this suit and such other relief as the court may deem just and proper.

Respectfully Submitted,
CORNISH HERNANDEZ GONZALEZ, PLLC
*Attorney for the Plaintiff*
2525 Ponce de Leon Blvd.
Suite 300
Coral Gables, FL 33134
Phone: (305)501-8021
Fax:     (786)292-2934
Email:  Ccornish@chglawyers.com
Service:Service@chglawyers.com
*/s/ Albert "Cam" Cornish IV*
Albert "Cam" Cornish IV, Esq.
Florida Bar No. 101663